LAWTON v. LAWTON et al.

(Supreme Court, Appellate Division, First Department.   December 9, 1898.)

WILLS—CONSTRUCTION—INVESTMENTS BY EXECUTOR.

    A will directed the executors to convert property, consisting largely of
stocks and bonds, into money, "provided an equitable distribution cannot
otherwise be made," and to hold in trust the shares of such of testator's
children as were not of age, "and to keep the same invested in such se-
curities as to the said executors shall seem best," and authorized the
executors to apply such sums from the shares of the children, towards
their maintenance and education, as in their discretion should seem neces-
sary.   Held, that the executors were vested with a discretion in regard to
investments, and were not required to invest in court securities.

Appeal from judgment on report of referee.

Action by Eliza M. C. A. Lawton, individually and as executrix,
against Robert G. Lawton, as executor, and others, to have the
accounts of her deceased husband, as executor and trustee, judi-
cially settled and allowed.   From an entry on a report of a referee
charging plaintiff's husband with losses on investments of the
trust property, she appeals.   Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN,
INGRAHAM, and McLAUGHLIN, JJ.

George F. Canfield, for appellant.
S. H. Ordway, for respondents.

VAN BRUNT, P. J.   Benjamin E. Lawton, the testator, died in
October, 1888, leaving no wife, and his only heirs and next of kin
were six children, William W. Lawton, Henry D. Lawton, Harriet
S. Lawton, James M. Lawton, Jr., George Lawton, and Mary E.
Lawton.   They were all under the age of 21 at the time of the
testator's death.   On the 20th of October, 1895, William W. Law-
ton reached the age of 25 years; on the 8th of October, 1895, Harriet
S. Lawton reached the age of 21 years; on the 17th of August, 1897,
Henry D. Lawton reached the age of 25 years; and in March, 1896,
the date of the trial of this action before the referee, James M.
Lawton was upward of 18 years of age, and George Lawton was
upward of 15, and Mary E. Lawton was under 14, years of age.
The testator left a will and codicil by which he appointed his broth-
ers James M. Lawton and Robert G. Lawton his executors.   James
M. Lawton alone qualified as executor, and entered upon the duties
of his trust.   On the 20th of February, 1895, James M. Lawton
died, leaving a will appointing his wife, the plaintiff herein, his
sole executrix, and letters testamentary under said will were issued
to her on the 3d of June, 1895.   On the 16th of September, 1895,
the defendant Robert G. Lawton took out letters testamentary
upon the estate of Benjamin E. Lawton, deceased.   On the 26th
of October, 1895, the plaintiff began this action for the purpose
of having all the accounts of her deceased husband, as executor
and trustee of Benjamin E. Lawton, judicially settled and allowed.

It appeared from the evidence that the assets of the estate which

came into the hands of James M. Lawton, as executor of Benjamin E. Lawton, consisted of securities, stocks, and a bond of the inventoried value of $13,016, and an interest in the firm of Lawton Bros., the proceeds of which interest James M. Lawton invested in certain bonds and stocks. It was admitted upon the record that if under the will of Benjamin E. Lawton, deceased, his executor had a general discretion in regard to investment, every one of the investments made by the executor was a perfectly reasonable one. It appeared upon the trial that, as a general result of the management of the estate by the executor, there had been a considerable increase in both principal and income, but that there would be a loss on the realization of certain securities in which the executor had invested the funds of the estate. It was held by the referee that, under the terms of the will, there was no discretion in the executors to invest the funds of the estate outside of court securities, and that his estate was responsible for the loss arising from the fact that certain of the securities purchased would not realize the amount paid therefor; and the defendants were allowed by the referee to select those securities which the new executor should receive, and the accounting executor's estate was by the judgment charged with the loss arising upon the securities which could not be sold for the amount which had been paid for the same,—the court thus permitting investments to be made by the new executor on behalf of the infants in securities which, by its decree in this action, it has found that the old executor was not authorized to deal in. It is alleged that this selection was made by the beneficiaries, but it will be observed that at least three of such beneficiaries are infants, and could not make any selection.

The sole question which it is necessary to consider upon this appeal is whether the position taken by the referee upon the trial of this action is correct, in view of the provisions of the will of Benjamin E. Lawton, deceased. That portion of the will which it is necessary to consider is as follows:

"Second. In case my said wife, Sarah Douglas Lawton, should not survive me, I give, devise, and bequeath all my property, both real and personal, to my children, William Wallace Lawton, Henry Douglas Lawton, Harriet Sheldon Lawton, James Marsland Lawton, George Lawton, and any other children who may hereafter be born to me, to be divided equally in the following manner, to wit: I order and direct my executors, hereinafter to be named, to convert the whole of my estate into money (provided an equitable distribution cannot otherwise be made), and to divide the same equally between my children, share and share alike; and if, my said wife not surviving me, my death shall occur before any of my male children shall have reached the age of twenty-five years, or before any of my female children shall have reached the age of twenty-one years, or shall have married, then, and in that case, I direct my said executors to pay over to such of my male children as shall have reached the age of twenty-five years, and to such of my female children as shall have reached the age of twenty-one years, or shall have married, his or her equal distributive share in full, to have and to hold the same to him or her, and to his or her heirs and assigns, forever. And the share or shares of such male child or children as shall not have reached the age of twenty-five years, and of such female child or children as shall not

have reached the age of twenty-one years, or shall not have married, I hereby direct my executors to hold in trust to and for the use and benefit of such child or children, and to keep the same invested in such securities as to the said executors shall seem best; and when such male child or children shall reach the age of twenty-five years, or when such female child or children shall reach the age of twenty-one years, or shall marry, to pay over to such child or children his or her equal distributive share, to have and to hold the same to him or her, and to his or her heirs and assigns, forever. But I hereby order and declare that my said executors shall be authorized and empowered to apply such sums from the share or shares of such child or children, or from the income thereof, for or towards the maintenance and education of such child or children for whom such share or shares may be so held, in trust, as in the discretion of such executors shall seem necessary; and, in case any of my children should die leaving issue him or her surviving, then I direct that such issue, collectively, shall take the share to which the deceased parent would have been entitled if living."

In the construction of a will in respect to the question of the intent of the testator in regard to investments, the same rules must necessarily apply as obtain in regard to the construction of the will in other respects. The whole of the will must be considered, or all of such parts of it as pertain to the subject under consideration, and from them the intention of the testator must be gathered. It is to be observed that large and extended powers are, beyond question, given to the executor in reference to the administration of his trust. He was not only to invest and to apply the proceeds to the benefit of the cestuis que. trustent, but he was also given power "to apply such sums from the share or shares of such child or children, or from the income thereof, for or towards the maintenance and education of such child or children for whom such share or shares may be so held, in trust, as in the discretion of such executors shall seem necessary." This provision, as has been properly held by the referee, gave to the executor the power, if in his discretion it might seem necessary, to apply a portion of the principal to the supplying of the needs of the infant children of the testator. The testator evidently had great confidence in the discretion of his executor, and he intended to give him the right to use, not only income, but principal, for the benefit of his children. The property left by the testator, outside of the sum received from the business of the firm of which he was a member, and which was inventoried at the sum of about $13,000, consisted of stocks and a bond of a character in which no trustee would be authorized to invest without special authority. We find, however, by the provisions of this will that the trustee was authorized to hold these securities; in fact, was directed to do so, because the will provides that his estate is to be converted into money, provided an equitable distribution cannot otherwise be made,—clearly indicating an intention upon the part of the testator that sales merely for change of investment were not to be resorted to. It was therefore his intention that the executor, certainly so far as the securities left by him were concerned, was not to be required to change such investments, and to reinvest in court securities. It is to. be remarked that one of the securities objected to, and with which the executor is charged, was a security found among the testator's assets at the time of his death. The testator then provides for the investment of the shares of his male children who had not arrived at the age of 25 years, and of his female

children who had not arrived at the age of 21 years or married, and directs the executor to hold such shares in trust for the benefit of such children, and to keep the same invested in such securities as to the said executor should seem best.

Now, it is clear, having in view the previous provision of this will, that the testator intended to give to his executors a discretion in regard to investments, and that he did not intend to confine them to court securities. He expressly authorizes them to hold the securities which they found belonging to the estate, and, in language as broad as language can be, he gave them a discretion in regard to investment. The case is in no way like the case of King v. Talbot, 40 N. Y. 76. The language of the testator in that case, after giving certain sums to his children, to be paid to them, with all accumulations of interest thereon, at their majority, and appointing executors, was "intrusting to their discretion the settlement of my affairs and the investment of my estate for the benefit of my heirs"; clearly nothing more than an expression of confidence in his executors that they would, according to law, settle his estate, and invest the proceeds thereof for the benefit of the heirs, having no reference whatever to the nature of the securities in which the investments should be made,—a provision totally different from that contained in the will at bar.

In the case at bar it is apparent that the testator intended to give his executors a discretion as to the securities in which the investments should be kept or made, and also to give them power to apply principal, as well as income, to the needs of their cestuis que trustent. In the case of Baud v. Fardell, 7 De Gex, M. & G. 628, the testator directed his executor and executrix to invest his residuary estate upon government or some other good and sufficient security. The executrix, who was also the tenant for life, allowed a sum of navy 5 per cents, standing in the testator's name at his death, to remain in its then state, and received the dividends up to her death, more than 30 years. During this period the navy 5 per cents were repeatedly converted by act of parliament, so that at her death they were worth much less than consols which might have been purchased with the sum arising from their sale within a year after the testator's death. It was held that, in the absence of any evidence of unfairness or unreasonableness, the wife, having by the will a discretion as to the mode of investment, was not liable for a breach of trust in not having sold the 5 per cents. In the case cited the discretion in regard to investment was certainly no broader than that contained in the will under consideration.

While a trustee must be held to great strictness in the performance of his duties in regard to investments, yet where, as in the case at bar, it is conceded that his investments were perfectly proper investments if he had discretion in respect to the same, and a reasonable construction of the powers conferred upon him by the will gives him such discretion, he should receive the benefit of the care and prudence with which he has administered the estate, and not be mulcted in damages, when the whole estate has been administered so as to result in a profit, because certain of the investments may not have turned out as well as had been anticipated. In the case at bar we think that, upon considering the whole will and the powers intended to be conferred upon

the executor, no other conclusion can be arrived at than that it was the intention of the testator to give him a discretion in regard to investments, and the evidence shows that such discretion was not abused.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.